NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION. BUREAU.

ROBERT RINGWALD, PETITIONER, v. HEALTH PRODUCTS
CORPORATION, RESPONDENT.

\*     \*     \*     \*     \*     \*     \*

1. That on January 18th, 1927, the petitioner was employed by the respondent at a weekly wage of $30 as a millwright, in and about its business, and while so employed, in the removal and erection of machinery, he was caught in the pulley belts thereof, rendered unconscious and his clothing torn from him, sustaining the injuries thereafter complained of. Due to the exposure to which he was subjected on that cold January day he contracted bronchitis. The petitioner was then removed to his home and under the care of the plant physician, Dr. Briestadt, who treated him for numerous external injuries to his back, limbs, arms, chest and ribs and for the bronchitis. Dr. Briestadt testified that the bronchitis sustained was due to the exposure resulting from said accident and I as a matter of fact find that to be so. Dr. Briestadt, after about two months' treatment, recommended Dr. Bear, a masseur, to the petitioner, to whom the petitioner went for treatments to his back some twenty odd times, and during this period and until the present time, the petitioner was under the care and treatment of Dr. Loux. The respondent had due knowledge of the said accident and the same arose out of and in the course of the employment of the petitioner with the respondent, and that intoxication was not the proximate cause of the said accident and that the injury was not self-inflicted.

2. It appears from the testimony of petitioner and from testimony of physicians who examined and treated the petitioner, and I find, as a matter of fact, that the petitioner sustained the injuries to his chest, shouders, back and right

leg, and the resulting bronchial injuries, injuries to his nervous system and the internal injuries he now complains of. Dr. Loux testified that from April, 1926, until about a month prior to the said hearing, he has been in attendance, irregularly nevertheless, on the petitioner for injuries to his abdomen and his nervousness. The petitioner complains of nervousness which is testified to by the physicians of the petitioner. He complains of dizziness, injuries to his abdomen and stomach. It appears from the testimony of Dr. Dowd that the petitioner is suffering from diabetic iusipidus and traumatic neurosis, in addition to the bodily injuries which are apparent.

3. From the testimony of the petitioner and his physicians I find that the petitioner sustained the injuries which he now complains of and the injuries to his nervous system, and his internal injuries as a result of this terrifying experience of January 18th, 1926. It also appears from the testimony of the petitioner that he never returned to his work as a millwright, but has continued in the employ of the respondent as a maintenance man, which he characterizes as light work, sweeping and doing odd errands. The petitioner testified, and from all the testimony in the case, I find that petitioner is unable to do any heavy work as a millwright, which he was accustomed to do. From all the testimony in the case, I therefore find that petitioner has sustained temporary disability for a period from January 18th, 1926, to March 22d, 1926, at the compensation rate of $17 per week, the full amount of which has been paid. I further find that petitioner has sustained permanent disability at the rate of twelve and one-half per cent. of the use of his body, for which petitioner is entitled to receive compensation for sixty-two and one-half weeks at the compensation rate of $17 per week, beginning March 22d, 1926, twenty-five weeks at the said compensation rate having already been paid by the respondent, the balance which is now due and owing to the petitioner, shall be paid to the petitioner in a lump sum.

\*  \*  \*  \*  \*  \*  \*

HARRY J. GOAS,
*Deputy Commissioner.*